OPINION
{¶ 1} Defendant-appellant, Anthony E. Agner ("appellant"), appeals the sentence imposed upon him by the Common Pleas Court of Logan County. Subsequent to his plea to one count of rape in violation of R.C.2907.02(A)(1)(b), the appellant was sentenced to a prison term of seven years.
 {¶ 2} On June 11, 2001, the appellant was indicted on seven counts of rape, felonies of the first degree, for the sexual abuse of a child under the age of thirteen. The seven count indictment was in response to allegations that the appellant had performed oral sex on the victim on several occasions between 1993 and 1998. The victim was eight years of age when the alleged abuse began.
 {¶ 3} Pursuant to a plea agreement, the appellant entered a plea of guilty to one count of rape of a child under the age of thirteen. The remaining six counts were dismissed. On October 29, 2001, the trial court sentenced appellant to seven years in prison.[1]
 {¶ 4} The appellant originally appealed the trial court's sentence in State v. Agner (May 17, 2002) Logan App. No. 8-01-25. This court reversed that sentence in part and remanded the matter to the trial court to consider the mandatory factors set forth in R.C. 2929.11, 2929.12, and2929.14, which it failed to do in its original sentencing. On remand, the trial court re-sentenced the defendant to seven years in prison. The appellant now appeals the sentence of the trial court and sets forth three assignments of error for our review.
 {¶ 5} For clarity of analysis, we begin with the appellant's second and third assignments of error and consider them together as they involve similar issues.
 ASSIGNMENT OF ERROR NO. II
The trial court committed prejudicial error and violated Appellant's rights to Due Process of Law under the Fifth and Fourteenth Amendments to the U.S. Constitution and his right to Due Course of Law under ArticleI, § 16 of the Ohio Constitution when it sentenced him contrary to Ohio Revised Code § 2929.11(B) which requires that the sentence imposed for a felony be "consistent with sentences imposed for similar crimes committed by similar offenders."
 ASSIGNMENT OF ERROR NO. III
The trial court committed prejudicial error when it imposed a sentence that is contrary to law.
 {¶ 6} The appellant maintains that the seven year sentence he received is inconsistent with other sentences imposed on similar offenders for similar offenses in Logan County and, consequently, it is contrary to R.C. 2929.11(B). The appellant has produced a list of cases for our review which he considers to be "similar offenses by similar offenders" and maintains that a sentence of three years, the statutory minimum, would be the correct sentence in this case.
 {¶ 7} The two overriding purposes of felony sentencing, as found in R.C. 2929.11(A), are to protect the public from future crime by the offender and to punish the offender. In order to achieve these overriding purposes, the trial court must determine whether imprisonment or some combination of community-based sanctions, which may or may not involve incarceration, will satisfy the purposes of sentencing.[2] Rather than a rigid numerical grid system, which both governs and determines the criminal sentences imposed by federal courts, Ohio's felony sentencing laws authorize a sentencing judge to exercise reasoned discretion to choose a sentence which is consistent with the overriding purposes of R.C. 2929.11(A).[3]
 {¶ 8} Ohio's felony sentencing laws are contained in Revised Code sections 2929.11 through 2929.18. When read in conjunction with one another, these sections provide a framework for the construction of felony sentences. Appellate review of felony sentences imposed by a trial court serves to ensure that the sentences meet the design requirements of this statutory framework.[4] Therefore, an appellate court may not disturb a sentence imposed unless it clearly and convincingly finds that the sentence is not supported by the record or is contrary to law.[5]
 {¶ 9} The appellant herein specifically argues that the seven year sentence he received is inconsistent with other sentences imposed for similar crimes committed by similar offenders in Logan County. The appellant bases his argument upon R.C. 2929.11(B) which states that:
a sentence imposed for a felony shall be reasonably calculated toachieve the two overriding purposes of felony sentencing set fourth indivision (A) of this section, commensurate with, and not demeaning to,the seriousness of the offender's conduct and its impact on the victim,and must be consistent with sentences for similar crimes by similaroffenders.[6]
 {¶ 10} Reviewing the concepts contained in R.C. 2929.11(B) are helpful in clarifying whether the appellant's assertion is correct. The term "commensurate with" in R.C. 2929.11(B) speaks to the concept of "proportionality."[7] The concept of "proportionality" focuses on the loss or harm to the victim and the punishment imposed on the perpetrator. It requires that the punishment the offender bears for the commission of an offense is neither inadequate to the harm caused to the victim nor overly harsh.[8]
 {¶ 11} At issue in the present case, however, is the requirement that the sentence be "consistent with sentences imposed for similar crimes committed by similar offenders." The appellant asserts that the trial court overlooked the consistency requirement of R.C. 2929.11(B) when it sentenced him to a seven year term for one count of first degree rape. "Consistency" in sentencing is essentially a comparison of how a penalty measures up with penalties imposed in other cases upon offenders in similar circumstances who commit similar crimes.[9]
 {¶ 12} Consistency, however, does not mean exacting "uniformity." The General Assembly's purpose in requiring comparison of similar offenses is to ensure consistency in sentencing not to require uniformity.[10] Accordingly, under the concept of "consistency," two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment.[11] Each sentence should be the result of a sentencing inquiry which applies and evaluates the applicable portions of Revised Code sections 2929.11 through 2929.18 so that outcomes are rational and predictable.[12]
 {¶ 13} The party claiming that a sentence is inconsistent with sentences given in other cases bears the burden of providing the court with sentences imposed for similar crimes by similar offenders which validate the claim of inconsistency.[13] In support of his assertion, the appellant herein has submitted for this Court's review twenty-four criminal convictions involving what he considers to be similar crimes committed by similar offenders in Logan County. The state has also provided this Court with several convictions involving what it considers to be similar crimes committed by similar offenders in Logan County.
 {¶ 14} We must first determine which cases are appropriate for comparison purposes. In this regard, our effort is guided by the General Assembly's classification of offenses through Ohio Revised Code Title29. Within R.C. Title 29, offenses are classified by degree of legislatively determined seriousness. Thus, an act which constitutes a first degree felony is by legislative definition more serious than an act which constitutes a fifth degree felony. Moreover, this statutory framework also differentiates criminal offenses by conduct and culpability. Just as robbery and theft contain distinguishing elements, so do the offenses of rape and sexual battery.
 {¶ 15} In applying the criminal code's classification system and considering both the degree of seriousness and the conduct and culpability involved, we may eliminate many of the cases and sentences which appellant and appellee have presented to us for comparison because the nature and seriousness of the crimes in those cases are inapposite with the present case.
 {¶ 16} The appellant has attempted to compare the seven year sentence he received for committing a first degree felony to twenty-one sentences imposed for "sexual battery" and "sexual misconduct" involving minors, which are felonies of the third and fourth degree. Such third and fourth degree offenses are not "similar" to the first degree offense of rape, and the sentences imposed for first degree rape are not required to be "consistent" to sentences imposed for the statutorily designed lesser offenses of sexual battery and sexual misconduct.
 {¶ 17} In the final analysis, we find that the appellant has only cited three Logan County cases that are similar to the offense committed by the appellant. The defendants in State v. Mathew J. Purtee, case No. CR00-06-0081 (Nov. 16, 2000); State v. Danny E. Godwin, case No. CR97-75 (Aug. 1, 1997); and State v. John W. Stewart, case No. CR01-41 (May 17, 2001) were convicted of one count of rape in violation of RC. 2907(A)(1)(b) and received sentences of four, four, and seven years in prison, respectively.
 {¶ 18} The state has cited numerous cases, including the three cases cited above by the appellant, to show that the appellant's sentence is consistent with other cases involving rape or attempted rape of a child under the age of thirteen. Of the cases cited by the state, two involve defendants who were convicted of two or more counts of rape and received sentences of 10 and 20 years in prison, respectively. Four other cases cited by the state involved attempted rape, a second degree felony, in which the defendants received sentences between four and fourteen years. The defendants in the two remaining Logan County cases cited by the state each received sentences of eight years for one count of rape of a child under the age of thirteen. Of the sentences offered by the state, and not also offered by the defendant, we find only these last two to be appropriate for comparison.
 {¶ 19} Combined, the appellant and the state have submitted for our review five examples of sentences imposed for one count of rape involving a child under the age of thirteen. The range of sentencing in those cases is between four and eight years, with more sentences at the higher end of the range rather than at the lower end. It is evident, then, that a sentence of seven years is not inconsistent with sentences imposed in similar cases.
 {¶ 20} Moreover, the trial court reviewed the record, the presentence investigation, the victim impact statement, and particularly noted that there had been a pattern of behavior in which the appellant repeatedly, over the course of six years, sexually abused a victim who was between the ages of eight and fourteen. Although the appellant was convicted by plea of guilty to one count of rape, due to the seriousness of the appellant's repeated conduct over a period of six years, it cannot be said that the seven year sentence he received is disproportionate to the crime he committed upon the victim.
 {¶ 21} Having reviewed the cases cited by both parties in this case, we conclude that the appellant's sentence does not violate R.C.2929.11(B) and is consistent with sentences imposed for similar crimes committed by similar offenders. Accordingly, we find that appellant's sentence is clearly and convincingly supported by the record and is not contrary to the law. Therefore, the appellant's second and third assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. I
The trial court committed prejudicial error and violated Appellant's right to freedom from cruel and unusual punishment under theEighth Amendment to the U.S. Constitution when it sentenced him disproportionately — more harshly than others in Logan County who committed more serious crimes.
 {¶ 22} The Ohio Supreme Court, in McDougle v. Maxwell,[14] has held as a general rule that a sentence that falls within the terms of a valid statute cannot constitute cruel and unusual punishment.[15]
Therefore, at first impression, because the seven year sentence imposed on the appellant is within the limits authorized by R.C. 2929.14(A)(1), it does not constitute cruel and unusual punishment.
 {¶ 23} The Ohio Supreme Court has also held that in order for a sentence to constitute cruel and unusual punishment, the punishment must be so grossly disproportionate to the offense as to shock the sense of justice in the community.[16] The United States Supreme Court, in Solemv. Helm, concluded that a proportionality analysis "should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions."[17] As discussed below, the appellant herein has failed to show that the sentence imposed on him constitutes cruel and unusual punishment.
 {¶ 24} The emphasis of the appellant's argument that the seven year sentence imposed on him amounts to cruel and unusual punishment is that the sense of justice of the community had, in fact, been "shocked." The appellant bases this argument on the fact that thirty of his friends, relatives, and co-workers wrote letters to the court vouching for his character and because sixty individuals signed a petition stating their shock over the sentence imposed on the appellant.[18] Despite the letters and petitions of ninety or fewer people, our review of the constitutionality of the sentence imposed in this case does not support the claim that the sense of justice of the community has been shocked.
 {¶ 25} Moreover, based upon the facts of this case, specifically, the young age of the victim and that the sexual abuse occurred over a period of several years, the seriousness of the appellant's offense does not inherently give rise to an inference of gross disproportionately when compared to the length of sentence he received. And as discussed in detail above, the sentence placed upon the appellant is consistent with sentences imposed on others found guilty of violating 2907.02(A)(1)(b) in Logan County.[19] Consequently, we hold that the seven year sentence imposed does not constitute cruel or unusual punishment. The appellant's first assignment of error is overruled.
 {¶ 26} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, J., concurs separately.
[1] Also, on October 29, 2001, the trial court, prior to sentencing the appellant, held a sexual offender classification hearing in which it found the appellant to be a "sexually oriented offender," as opposed to a "sexual predator" or "habitual sex offender." See R.C. 2950.09(B)(2) and2950.09(E).
[2] See Griffin Katz, Ohio Felony Sentencing Law (2002), 48.
[3] Id. at 49.
[4] Id. at 48.
[5] R.C. 2953.08(G)(2) provides: "* * * The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing. * * * The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following: "(a) That the record does not support the sentence * * *; (b) That the sentence is otherwise contrary to law."
[6] Emphasis added.
[7] Griffin and Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W. Res. L. Rev. 1, 9.
[8] See Griffin Katz, Ohio Felony Sentencing Law (2002), 52.
[9] See See, Griffin Katz, Ohio Felony Sentencing Law (2002), 53.
[10] See State v. Quine, Summit App. No. 20968, 2002-Ohio-6987
at ¶ 12.
[11] Id at ¶ 13.
[12] See See, Griffin Katz, Ohio Felony Sentencing Law (2002), 49.
[13] See State v. Hanson, Lucas App. No. L-01-1217,2002-Ohio-1522.
[14] (1964), 1 Ohio St.2d 68.
[15] State v. O'Shannon (1988), 44 Ohio App.3d 197.
[16] State v. Cantiberry, Hancock App. No. 5-01-14, 2001-Ohio-2277; citing, State v. Chaffin (1972), 30 Ohio St.2d 13, paragraph three of the syllabus.
[17] (1983), 463 U.S. 277, 290.
[18] McDougle v. Maxwell (1964), 1 Ohio St.2d 68, 70, (It has been generally accepted that punishments which are prohibited by theEighth Amendment are limited to torture or other barbarous punishments, degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community).
[19] A review of sentences imposed for the commission of the same crime in other jurisdictions has not been made by this court in part because the appellant has not submitted any examples of sentences from other jurisdictions.